UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY ALLEN ROWE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-732-JD-JEM |
| JOSEPH SCHNEIDER, SCHMITT, and | |
| Defendants. | |

OPINION AND ORDER

Jeffrey Allen Rowe, a prisoner without a lawyer, filed a complaint raising seven claims. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Claim 1, Rowe alleges Unit Team Manager Joseph Schneider and Sgt. Schmitt retaliated against him for filing a grievance by firing him from his job at the prison on June 20, 2025. To state a First Amendment retaliation claim an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to

take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Rowe alleges "Defendant Schneider had Defendant Schmitt tell Plaintiff that he is fired[.]" ECF 2 at ¶ 8. Rowe alleges, Defendant Schneider had Correctional Officer Maynard tell Plaintiff that the Plaintiff would not be getting his job back because the Plaintiff is doing grievances/tort claims, and it is helping others to do so." *Id.* at ¶ 11. These allegations state a retaliation claim against Manager Schneider, but not Sgt. Schmitt. Manager Schneider is alleged to have fired Rowe, but Sgt. Schmitt is merely alleged to have told Rowe he was fired.

In Claim 2, Rowe alleges Unit Team Manager Joseph Schneider and Sgt. Schmitt retaliated against him by telling three inmate porters to not provide him with "essential items and services" on July 14, 2025, because he practices a racist religion. ECF 2 at ¶ 28. Rowe says his religious beliefs teach that "White people are the true twelve tribes of Israel; white people must separate from other races; God/YaHVeif choose Israel/white people to be 'above' other races." *Id.* at ¶ 25. Rowe alleges the defendants told the inmate porters not to help Rowe because he is a "fat, racist piece of shit." *Id.* at ¶ 30. The court will allow Rowe to proceed against the defendants on this retaliation claim.

In Claim 3, Rowe alleges Unit Team Manager Joseph Schneider and Sgt. Schmitt retaliated against him by telling the three inmate porters on July 15, 2025, that it was Rowe's fault two of them were being transferred because Rowe filed a grievance. In Claim 5, Rowe alleges this placed him in danger by identifying him as a "snitch" in violation of the Eighth Amendment. As Rowe recognizes, these two claims overlap. However, a claim "gains nothing by attracting additional constitutional labels." *Conyers*

2

*v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on different constitutional theories arising out of the same circumstances). *See also Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of a claim because the same facts comprised a more applicable claim under a different constitutional amendment) and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). Here, the Eighth Amendment claim is the more applicable basis on which to proceed. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). To state a claim for failure to protect, a plaintiff must establish the defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[I]t's common knowledge that snitches face unique risks in prison . . . ." *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008). Prison officials may be found liable where it can be proven they knew an inmate "faced a significant risk of harm from a 'particular vulnerability' and exposed him to that risk anyway." *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) (quoting *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005)). The court will allow Rowe to proceed against the defendants on an Eighth Amendment claim.

In Claim 4, Rowe alleges Unit Team Manager Joseph Schneider retaliated against him by falsely issuing a Class A conduct report for trafficking because he filed a grievance. It is unclear whether Rowe was found guilty of trafficking and punished

with the loss of earned credit time, but if he was, it is clear that he cannot proceed on this claim if doing so would undermine that prison disciplinary. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). For now, the court will allow him to proceed on this claim.

In Claim 6, Rowe alleges Unit Team Manager Joseph Schneider retaliated against him by ordering protective custody workers locked in their cells for an additional twelve hours a week on August 22, 2025, because Rowe filed a grievance. In Claim 7, Rowe alleges Unit Team Manager Joseph Schneider exposed him to a substantial risk of harm by telling inmates Rowe was to blame for this punishment of the protective custody workers. As with Claims 3 and 5, these claims overlap. For the reasons explained in the discuss of Claims 3 and 5, the court will allow him to proceed only on the Eighth Amendment claim.

In addition to monetary compensation, Rowe also seeks injunctive relief. The Indiana State Prison Warden has both the authority and the responsibility to ensure Rowe is protected from attack by other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant and Rowe will be allowed to proceed on an official capacity claim for permanent injunctive relief.

Rowe also seeks a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968,

972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). It is unclear if Rowe can meet this burden, but his allegations that he has been labelled a snitch and is "at a substantial risk of serious harm" are sufficient for the court to need a response from the Warden. ECF 2 at ¶ 56.

For these reasons, the court:

(1) GRANTS Jeffrey Allen Rowe leave to proceed against Unit Team Manager Joseph Schneider in his individual capacity for nominal and punitive damages for retaliating against him for filing a grievance by firing him from his prison job on June 20, 2025, in violation of the First Amendment;

(2) GRANTS Jeffrey Allen Rowe leave to proceed against Unit Team Manager Joseph Schneider and Sgt. Schmitt in their individual capacities for nominal and punitive damages for retaliating against him because he practices a racist religion by telling inmate porters to not provide him with essential items and services on July 14, 2025, in violation of the First Amendment;

(3) GRANTS Jeffrey Allen Rowe leave to proceed against Unit Team Manager Joseph Schneider and Sgt. Schmitt in their individual capacities for compensatory and punitive damages for creating a substantial risk of harm by labeling him a snitch on July 15, 2025, in violation of the Eighth Amendment;

(4) GRANTS Jeffrey Allen Rowe leave to proceed against Unit Team Manager Joseph Schneider in his individual capacity for nominal and punitive damages for retaliating against him for filing a grievance by falsely issuing a Class A conduct report for trafficking on July 15, 2025, in violation of the First Amendment;1

(5) GRANTS Jeffrey Allen Rowe leave to proceed against Unit Team Manager Joseph Schneider in his individual capacity for compensatory and punitive damages for creating a substantial risk of harm by labeling him a snitch on August 22, 2025, in violation of the Eighth Amendment;

(6) DIRECTS the clerk to add the Indiana State Prison Warden as a defendant;

(7) GRANTS Jeffrey Allen Rowe leave to proceed against the Indiana State Prison Warden in his official capacity to obtain permanent injunctive relief to protect him from physical attacks from other inmates as required by the Eighth Amendment;

(8) DISMISSES all other claims;

(9) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Unit Team Manager Joseph Schneider, Sgt. Schmitt, and the Indiana State Prison Warden at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(10)   DIRECTS the clerk to email a copy of the same documents to the Indiana State Prison Warden at the Indiana State Prison and the Indiana Department of Correction;

(11)   DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of the emails;

(12)   ORDERS the Indiana State Prison Warden to file and serve a response to the preliminary injunction as soon as possible but not later than **September 22, 2025**, explaining, with appropriate supporting documentation, how facility staff are protecting Jeffrey Allen Rowe from violence by other inmates as required by the Eighth Amendment;

(13)   ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(14)   ORDERS, under 42 U.S.C. § 1997e(g)(2), Unit Team Manager Joseph Schneider, Sgt. Schmitt, and the Indiana State Prison Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 29, 2025.

/s/ JON E. DEGUILIO
Judge
United States District Court