UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY ALLEN ROWE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-732-JD-JEM |
| JOSEPH SCHNEIDER, et al., | |
| Defendants. | |

OPINION AND ORDER

This case began when Jeffrey Allen Rowe, a prisoner without a lawyer, filed a complaint which appeared to allege he was in imminent danger of serious physical injury by other inmates. ECF 2. Typically, well-pleaded allegations of imminent harm in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Wallace v. Baldwin*, 895 F.3d 481, 483 (7th Cir. 2018). Because the court interpreted his complaint as including such an allegation, the court added the Indiana State Prison Warden and ordered the Warden to explain "how facility staff are protecting Jeffrey Allen Rowe from violence by other inmates as required by the Eighth Amendment[.]" ECF 5 at 7.

Rowe has now filed a motion asking to clarify his claims. ECF 10. In it he explains, "Plaintiff is not wanting them/Defendants to take measures to 'protect' him[.]" *Id*. at 4. This filing makes clear he was not in imminent danger when he filed this lawsuit. Because of this clarification, he cannot proceed in forma pauperis. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action [in forma pauperis] if

the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This is commonly known as the "three strikes" provision. Rowe has three strikes:

> 1. *Rowe v. Malroney*, 2:03-cv-311 (S.D. Ind. filed November 24, 2003), dismissed December 19, 2003, under 28 U.S.C. § 1915A because the complaint did not state a claim;
>
> 2. *Rowe v. Buss*, 3:20-cv-966 (N.D. Ind. filed November 16, 2020), dismissed November 23, 2020, under 28 U.S.C. § 1915A because the complaint did not state a claim; and
>
> 3. *Rowe v. Taylor*, 1:21-cv-2324 (S.D. Ind. filed August 25, 2021), dismissed May 25, 2022, under 28 U.S.C. § 1915A because the complaint did not state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Assertions of imminent danger that reference only past injuries, or that state fears about the future without a reason to think that danger is imminent do not satisfy this standard." *Ayoubi v. Hughes*, No. 23-2689, 2024 WL 1406425,

at *2 (7th Cir. Apr. 2, 2024). Here, Rowe's motion clarifying his claims makes clear he was not in imminent danger when he filed this lawsuit.

For these reasons, the court:

(1) GRANTS the motion to clarify (ECF 10);

(2) VACATES the in forma pauperis order (ECF 8) and the screening order (ECF 5);

(3) DISMISSES the Indiana State Prison Warden;

(4) ALERTS the Indiana State Prison Warden and the defendants they have no obligation to respond to the complaint;

(5) DIRECTS the clerk to send a copy of this order to the defendants at the Indiana Department of Correction;

(6) DIRECTS the clerk to email a copy of this order to the Warden of the Indiana State Prison;

(7) DIRECTS the clerk to terminate the Waiver of Service response deadline;

(8) DENIES Jeffrey Allen Rowe leave to proceed in forma pauperis;

(9) GRANTS Jeffrey Allen Rowe until **October 3, 2025**, to pay the $405 filing fee; and

(10)  CAUTIONS Jeffrey Allen Rowe if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on September 9, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT